*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TONY DAVID KINGSLEY,

Defendant-Appellant.

UNPUBLISHED
February 25, 2021

No. 349797; 349798
Wayne Circuit Court
LC Nos. 18-007549-01-FH;
             18-007675-01-FC

Before: K. F. KELLY, P.J., and STEPHENS and CAMERON, JJ.

K. F. KELLY *(concurring in part and dissenting in part).*

I completely concur and join in the majority's opinion with the exception of the consecutive sentencing issue. From that, I respectfully dissent.

As noted by the majority, defendant contends that the trial court erred when it imposed consecutive sentences without articulating its justification for doing so. I disagree and thus part ways with the majority on this issue.

The trial court's decision to impose discretionary consecutive sentences is reviewed for an abuse of discretion. *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). "Review of a discretionary decision requires that the trial court set forth the reasons underlying its decision." *Id*. "The decision regarding each consecutive sentence is its own discretionary act and must be separately justified on the record." *Id*. at 665. More than one consecutive sentence may be imposed in an extraordinary case, but the trial court must give particularized reasons underlying its rationale to facilitate appellate review. *Id*. The trial court's authority to impose consecutive sentences coupled with its reasons is sufficient to demonstrate an outcome within the range of

-1-

reasonable and principled outcomes. *People v Baskerville*, ___ Mich App ___, ___; ___ NW2d ___ (2020).[1]

Although defendant asserts that the trial court's articulation was deficient, I would conclude that, in light of the entire record, the trial court's articulation was adequate to facilitate appellate review. Here, the trial court's imposition of consecutive sentences occurred in light of its consideration of the trial testimony, defendant's potential for rehabilitation, the contents of the PSIR, and the sentencing memorandum. This case presented extraordinary circumstances where defendant exhibited a pattern of behavior that, as the trial court noted, demonstrated his potential to be a serial rapist. Indeed, defendant was also charged for the kidnapping and sexual assault of MV, he pleaded guilty to those crimes, and he was sentenced by the same trial judge. Moreover, the trial court's elicitation of the rationale for the consecutive sentences was delineated in the trial court's justification for an upward departure from the advisory sentencing guidelines to impose proportionate sentences. Under the circumstances, I would conclude that a remand for further articulation is completely unwarranted.

I would affirm defendant's convictions and sentences.

/s/ Kirsten Frank Kelly

---

[1] In light of defendant's sixteen convictions in Docket No. 349798 and a challenge to the upward departure, it should be expected that an articulation of consecutive sentencing will lead to an overlapping and duplicative foundation.